UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RHAWN JOSEPH,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SAN JOSE, et al.,<br><br>    Defendants. | Case No. 19-CV-01294-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. Nos. 31, 36 |

Plaintiff Rhawn Joseph brings this action against Defendants City of San Jose, City Manager Dave Sykes, Director of San Jose Code Enforcement Rosalynn Hughey, San Jose Code Enforcement Division Manager and Administrative Hearing Officer Mollie McLeod, Code Enforcement Inspector Sean Flanagan, and Code Enforcement Inspector and Supervisor Jason Gibilesco (collectively, "the Named Defendants"); and Does 1–10. First Amended Complaint ¶ 1, ECF No. 30. Before the Court is the Named Defendants' motion to dismiss the First Amended Complaint ("FAC"), *see* ECF No. 31, and the Plaintiff's motion for default judgment, *see* ECF No. 36. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS the Named Defendants' motion to dismiss the FAC with leave to amend

and DENIES the Plaintiff's motion for default judgment.

## I. BACKGROUND

### A. Factual Background

Plaintiff Rhawn Joseph ("Joseph") appears to be party to a long-running dispute with his neighbor, Gene Kasrel ("Kasrel"). FAC ¶ 7. Kasrel is not a party to this lawsuit. According to Joseph, during the time that Joseph and Kasrel have been neighbors in San Jose, California, Kasrel engaged in a lengthy campaign of harassment and abuse. Joseph alleges that Kasrel screamed at female visitors in order to dissuade them from visiting Joseph's home; climbed onto the adjoining fence and issued death threats while waving "dangerous implements"; pounded on the adjoining fence; and threw rocks and dog feces into Joseph's yard. *See id.* ¶¶ 161–162. Eventually, in August 2016, Kasrel erected two bright floodlights near the fence adjoining Joseph's yard. *See id.*

In response to these indignities, on October 16, 2018, Joseph erected an "abatement consisting of three sheets of polyurethane 24 inches in height adjacent to the fence in Plaintiff's yard." *Id.* ¶ 10. At some point shortly thereafter, Joseph alleges that Kasrel complained to the city about the existence of this abatement, *see id.* ¶ 6, which prompted two city officials, Code Enforcement Inspector and Supervisor Gibilesco and Code Enforcement Inspector Flanagan, to visit Joseph's home for an inspection. *Id.* ¶ 5.

In the wake of the visit, Joseph, Gibilesco, and Flanagan had conversations and exchanged emails in which the two officials apparently demanded that Joseph remove the abatement. *Id.* ¶¶ 11, 171. When Joseph refused to do so, Joseph alleges that Kasrel, Gibilesco, and various unnamed city officials, "filed fake and fraudulent code violations demanding destruction of 12 of Plaintiff's [c]ypress trees" in a Compliance Order dated November 6, 2018. *Id.* ¶ 11. Additionally, the officials requested that Joseph cut his street-facing wrought iron fence to a height of three feet or less. *Id.* ¶ 15. Joseph was informed that noncompliance with these mandates within thirty days would result in a daily fine of up to $2,500 for each violation. *Id.* ¶¶ 12, 15. This Compliance Order seemingly flowed from a San Jose city ordinance dictating that fences

2

Case No. 19-CV-01294-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING MOTION FOR DEFAULT JUDGMENT

erected in residential front lots—as well as hedges serving the same function as fences—be no taller than three feet in height in the absence of a variance.[1]  *See* ECF No. 12, Exhibits D, E.  Later in the month, and in response to the Compliance Order, Joseph claims that Joseph sawed the wrought iron fence to below three feet and notified Defendant Gibilesco of this fact.  *Id.* ¶ 18.  Around this point, Joseph also began formally complaining about what Joseph believed to be city ordinance violations by Kasrel and official misconduct on the part of Gibilesco, but these complaints went unanswered.  *Id.* ¶¶ 19, 21.

In February 2019, Joseph received another letter from Gibilesco indicating that Joseph's cypress trees and wrought iron fence still exceeded the maximum permissible height.  *Id.* ¶¶ 22, 24.  In response, Joseph demanded an administrative hearing to address the alleged violations, *see id.* ¶ 27, and an administrative hearing concerning the alleged violations indeed occurred on May 1, 2019.[2]  *Id.* ¶ 23.  At the hearing, Joseph avers that Joseph was not permitted to present certain evidence or cross-examine witnesses, and Joseph complains about being subjected to fabricated evidence.  *Id.* ¶¶ 28, 30.  This administrative hearing has yet to result in a final decision.  *See* ECF No. 31 at 2.

### B. Procedural History

On March 11, 2019, nearly two months before the May 1, 2019 administrative hearing, Joseph filed the original complaint in this Court.  *See* ECF No. 1.  Several weeks later, on March 29, 2019, the Named Defendants requested a thirty-day extension to respond to the original complaint.  *See* ECF No. 5.  On April 1, 2019, the Court issued an order extending the deadline to respond to the original complaint until May 2, 2019.  ECF No. 6.  On May 1, 2019, the Named Defendants filed a motion to dismiss the original complaint.  ECF No. 11.

---

[1] These city ordinances are the proper subject of judicial notice, which the Named Defendants request here.  ECF No. 12; *see Newcomb v. Brennan*, 558 F.2d 825 (7th Cir. 1977) ("[C]ity ordinances fall within the category of 'common knowledge' and are therefore proper subjects for judicial notice."); *Hansen v. City of San Francisco*, 2014 WL 1310282 (N.D. Cal. Mar. 31, 2014) (relying on *Newcomb* to take judicial notice of San Francisco city regulations).

[2] In Joseph's account, two separate hearings occurred on May 1, 2019; Joseph seemingly relies on the fact that there was a break in the proceedings to make this assertion.  FAC ¶¶ 28, 30.

3

Case No. 19-CV-01294-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING MOTION FOR DEFAULT JUDGMENT

On June 10, 2019, Joseph requested leave to file an amended complaint, ECF No. 27, which the Court granted on June 24, 2019. ECF No. 29. Upon doing so, the Court also denied the Named Defendants' motion to dismiss the original complaint as moot. *Id.*

Joseph filed the FAC on June 28, 2019. ECF No. 30. The Named Defendants filed their motion to dismiss the FAC several weeks later, on July 10, 2019. ECF No. 31. Joseph opposed the motion on July 24, 2019, ECF No. 33, and the Named Defendants replied on July 30, 2019. ECF No. 34.

On August 12, 2019, Joseph filed a motion for default judgment. ECF No. 36.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The failure to comply with Rule 8's "short and plain statement" requirement is an independent basis for dismissal, irrespective of whether the complaint possesses merit. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Accordingly, even claims which are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule 8(a). *Id.* "[V]erbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008). However, a complaint that is "so verbose, confused and redundant that its true substance, if any, is well disguised" is subject to dismissal for violating Rule 8(a). *Id.* (citing *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)). This is so because "[p]rolix, confusing complaints . . . impose unfair burdens on litigants and judges." *McHenry*, 84 F.3d at 1179. "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may enter a default judgment when the Clerk of the Court, under Rule 55(a), has previously entered the party's

4

Case No. 19-CV-01294-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING MOTION FOR DEFAULT JUDGMENT

default. Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### III. DISCUSSION

#### A. MOTION TO DISMISS

In their motion to dismiss Joseph's FAC, the Named Defendants assert that dismissal is warranted because Joseph "violates the simplicity and concision command of Rule 8," ECF No. 31 at 2, and the allegations that Joseph outlines are "so confusing and rambling as to make it impossible or at least incredibly difficult for Defendants to decipher and respond to." ECF No. 34 at 1–2. The Named Defendants also argue that Joseph has failed to exhaust administrative remedies; that Joseph has failed to sufficiently allege any federal claims under Federal Rule of Civil Procedure 12(b)(6); and that the Court should decline to exercise supplemental jurisdiction over any of Joseph's remaining state law claims upon dismissing the federal ones. *See id.* at 5–16.

Joseph, for his part, responds largely with derision. Joseph argues that the Named Defendants cannot understand the FAC is because they "have the intellectual capacity of a tea-cup [*sic*]," and Joseph disclaims responsibility for the Named Defendants' "intellectual limitations." ECF No. 33 at 10. Joseph muses about the "ignorance and profound intellectual deficits of" the Named Defendants. *Id.* Joseph concludes upon reflection that the FAC must have "exceeded [the Named Defendants'] limited intellectual abilities." *Id.* Joseph devotes pages of his opposition, on the other hand, to defending his own "exemplary writing style" and likening himself to Isaac Asimov and Carl Sagan. *See id.* Joseph also argues that the Rule 8(a) pleading requirements

5
Case No. 19-CV-01294-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING MOTION FOR
DEFAULT JUDGMENT

constitute a "minimal standard" that may be exceeded where appropriate. *See id.* at 8–9.

As explained below, the Court agrees with the Named Defendants' first argument that the FAC violates Federal Rule of Civil Procedure 8(a) and dismisses the FAC on that ground. Although the Court does not reach the Named Defendants' other arguments, Joseph must cure in any future complaint all the deficiencies identified in the Named Defendants' motion to dismiss the FAC in order to avoid dismissal with prejudice.

Joseph is incorrect about the scope and function of Rule 8(a). The text of the rule is framed in mandatory terms: "A pleading that states a claim for relief *must contain* . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2) (emphasis added). Our case law, too, bears out the mandatory nature of the rule. The case law dictates that "Rule 8 *obligate[s]* plaintiffs to submit" a "short and plain statement." *McHenry*, 84 F.3d at 1180 (emphasis added). Rule 8(a) serves a crucial function. The purpose of the rule is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted).

"Courts have a duty to construe pro se pleadings liberally." *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003). Even construing Joseph's FAC liberally, however, the Court is unable to discern which causes of action Joseph seeks to bring against which Named Defendants. Although the FAC does purport to enumerate causes of action, the text of each section amounts to a confusing hodge-podge of local, state, and federal statutes and case law, often reproduced verbatim, with little analysis or explanation of their applicability to Joseph's claims. For example, at one point, Joseph asserts that his first cause of action is based on violations of his "First, Fourth, Fifth, and Fourteenth amendment rights" under 42 U.S.C. § 1983. FAC ¶ 291. However, this assertion is followed by a reproduction of the standard of liability under 42 U.S.C. § 1981, FAC ¶ 297; a description of California Penal Code § 422.6, FAC ¶ 298; a discussion of California Civil Code § 3281, FAC ¶ 305; a reference to the Sixth Amendment of the Federal Constitution, FAC ¶ 308; and a long quotation of California Penal Code § 182, FAC ¶ 309, among

6

other references scattered throughout his discussion. Joseph's opposition to the motion to dismiss the FAC compounds this problem by introducing still more legal concepts of unclear significance to the allegations contained in the FAC. *See, e.g.*, ECF No. 33 at 16–17 (arguing that the Named Defendants function as a "criminal enterprise" for the purposes of the Criminal RICO statute).

Further, the FAC is voluminous, with a length of 62 pages without exhibits and nearly twice as long including exhibits. *See generally* FAC. However, length alone is not a sufficient reason to dismiss a complaint under Rule 8(a). *See Hearns*, 530 F.3d at 1131. The FAC is also "argumentative, prolix, replete with redundancy, and largely irrelevant." *McHenry*, 84 F.3d at 1177. For instance, at various points throughout the FAC, Joseph reproduces lengthy passages from the transcript of the administrative hearing, stripped of context and scrambled out of order. *See* FAC ¶¶ 45–80. At other points, Joseph vents his extreme ire toward Kasrel, who is not a party to this litigation. *See* FAC ¶¶ 156–162. At still other points, Joseph runs through every avenue of the Supreme Court's case law concerning Article III standing, with no explication of how the discussion is relevant to his causes of action. *See* FAC ¶¶ 210–242.

In light of the foregoing defects, the FAC fails to give the Named Defendants "fair notice" of Joseph's claims, and Joseph has failed to comply with Rule 8. The Court therefore GRANTS the motion to dismiss the FAC. *See Wiskind v. JPMorgan Chase Bank, N.A.*, 2015 WL 400549, at * 1–2 (N.D. Cal. Jan. 29, 2015) (dismissing complaint for failure to comply with Rule 8 because the "legal theories [were] unclear" and the complaint was "infused with extraneous statements"); *Bertuccio v. San Benito Cnty.*, 2013 WL 2147421, at *2 (N.D. Cal. May 15, 2013) (dismissing pro se complaint because "the Court [was] unable to determine which parts of the Complaint show that Plaintiff is entitled to relief").

Because granting Joseph an additional opportunity to amend the FAC would not be futile, cause undue delay, or unduly prejudice the Named Defendants, and Joseph has not acted in bad faith, the Court grants leave to amend. *See Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008). Should Joseph elect to amend his complaint, Joseph must cure the

7

Case No. 19-CV-01294-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING MOTION FOR DEFAULT JUDGMENT

deficiencies identified herein and in Named Defendants' motion to dismiss the FAC or face dismissal of his claims with prejudice.

### B. MOTION FOR DEFAULT JUDGMENT

Joseph moves for default judgment pursuant to Rule 55(b)(2). *See* ECF No. 36. Joseph alleges that Joseph is entitled to default judgment because the Named Defendants exceeded the applicable time limit to respond to the original complaint. *See id.* Joseph contends that the Court "was duty bound" to find the Named Defendants to be in default when they exceeded this time limit. *See id.* at 13. Joseph's theory appears to be that when the Named Defendants requested an extension of their initial Rule 12 deadline to respond to the original complaint, the Court's order granting this extension was framed as an extension of the "deadline to respond to the complaint." *See id.*; Fed. R. Civ. P. 12(a). Because the Named Defendants then ultimately filed a motion to dismiss the original complaint and not an answer, Joseph asserts that the motion was untimely. *See* ECF No. 36 at 13. After the Named Defendants filed the allegedly untimely motion to dismiss the original complaint, Joseph responded by filing the FAC, which is the subject of the instant motion to dismiss. *See* ECF No. 30. Joseph's motion for default judgment therefore seeks to refer back to the Named Defendants' response to his original complaint.

Joseph's motion for default judgment rests on several overlapping mistaken premises. First, Joseph's theory concerning the timeliness of the Named Defendants' motion to dismiss the original complaint is fatally flawed. The Ninth Circuit has held that when a court extends the time limit for a defendant to file a responsive pleading, this extension logically applies to motions raising defenses as well. In this circuit, "if an extension of time has been allowed for filing a responsive pleading, logic and reason would appear to dictate that the extension should apply to a motion as well." *Bechtel v. Liberty Nat. Bank*, 534 F.2d 1335, 1341 (9th Cir. 1976); *see also Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988) ("This circuit allows a motion under Rule 12(b) any time before the responsive pleading is filed."). This case law directly undermines Joseph's timeliness theory.

8

Case No. 19-CV-01294-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING MOTION FOR DEFAULT JUDGMENT

Second, the Court's decision whether to grant a default judgment is discretionary, not automatic. *Aldabe*, 616 F.2d at 1092. This discretion is constrained by the "general rule that default judgments are ordinarily disfavored," and that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1471. Moreover, when "a defendant demonstrates a clear purpose to defend themselves, a court may not enter default against them." *Best Deals on TV, Inc. v. Naveed*, 2008 WL 2477390, at *7 (N.D. Cal. June 18, 2008). In this case, the Named Defendants have repeatedly demonstrated a clear purpose to defend themselves by filing motions to dismiss both the original complaint and the FAC. *See* ECF Nos. 11, 31. Joseph's motion for default judgment contains virtually no argument that this case represents the appropriate circumstance for the Court to exercise its discretion to grant default judgment.

Third, Joseph filed the FAC on June 28, 2019, before Joseph filed the instant motion for default judgment, and Joseph does not allege that the Named Defendants were untimely in responding to the FAC. *See* ECF Nos. 30, 31. The effect of Joseph filing his FAC is that Joseph's original complaint has been superseded and therefore any "default based on the original complaint must also be rendered ineffectual and non-existent." *ThermoLife Intern., LLC v. Sechel Holdings, Inc.*, 2015 WL 1521779, at *1 (D. Ariz. Apr. 3, 2015); *accord Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (explaining that an amended pleading supersedes the original pleading such that "after amendment the original pleading no longer performs any function and is treated 'thereafter as nonexistent'"). Thus, Joseph may not rely on the Named Defendants' response to his original complaint to move for default judgment.

Fourth, it is the Clerk of the Court, not the Court, who must determine that a party has defaulted as an initial matter. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, *the clerk* must enter the party's default." (emphasis added)). Here, the Clerk of the Court has not entered default against the Named Defendants, so the Court lacks any authority to grant default judgment. *See Eitel* 782 F.2d at 1471 (explaining the two-step default

9

Case No. 19-CV-01294-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING MOTION FOR DEFAULT JUDGMENT

1 process required by Rule 55).

2 For these reasons, the Court must DENY Joseph's motion for default judgment.

3 **IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS the Named Defendants' motion to dismiss the FAC with leave to amend and DENIES Joseph's motion for default judgment. Should Joseph elect to file an amended complaint, Joseph shall do so within thirty days of this Order. Failure to file an amended complaint within 30 days or failure to cure all of the deficiencies identified herein or in the Named Defendants' motion to dismiss the FAC will result in dismissal with prejudice of the claims dismissed in this Order. Joseph may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Produce 15.

**IT IS SO ORDERED.**

Dated: August 23, 2019

_____
LUCY H. KOH
United States District Judge

Case No. 19-CV-01294-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING MOTION FOR DEFAULT JUDGMENT