UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RHAWN JOSEPH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAN JOSE, DAVE SYKES, ROSALYNN HUGHEY, MOLLIE MCLEOD, SEAN FLANAGAN, JASON GIBILISCO, RICHARD DOYLE, and DOES 1–10,<br><br>　　　　Defendants. | Case No. 19-CV-01294-LHK<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO LIFT STAY**<br><br>Re: Dkt. No. 83 |

On March 3, 2020, the Court issued an order that: (1) denied Plaintiff's motion to recuse and motion for disqualification; (2) denied Plaintiff's motion for default judgment; (3) granted in part and denied in part the Named Defendants' motion to dismiss; and (4) stayed the instant case in part.[1] ECF No. 73. On March 9, 2020, Plaintiff and the Named Defendants filed a stipulation to stay all proceedings. ECF No. 76. Specifically, the parties agreed to stay Plaintiffs' 42 U.S.C. § 1983 Fourth Amendment unlawful search claim against Named Defendants Sean Flanagan and

---

[1] The Named Defendants are all Defendants except unknown Does 1–10. ECF No. 73 at 1.

1
Case No. 19-CV-01294-LHK
ORDER DENYING PLAINTIFF'S MOTION TO LIFT STAY

Jason Gibilisco "until the parallel administrative and potential state court proceedings have been completed." *Id.* at 1.

On March 10, 2020, the Court granted the parties' stipulation and stayed the instant case. ECF No. 78. Pursuant to the parties' stipulation, the Court ordered that "[a]t a minimum, this stay shall remain in effect until the parallel administrative and state court proceedings and their appeals are fully resolved." *Id.*

On September 1, 2020, Plaintiff filed *pro se* the instant motion to lift the stay. ECF No. 83. Yet Plaintiff concedes, as he must, that neither administrative nor state court proceedings are fully resolved. *See id.* ¶ 6 (noting that an administrative appeal hearing has not been held). Administrative appeal hearings have been postponed by the COVID-19 pandemic. *Id.*; *accord* McGee Decl. ¶ 3, ECF No. 84-1 (declaration of Senior Deputy City Attorney for San Jose). Parallel state court proceedings have not even begun. *See* ECF No. 83 ¶ 4 (noting that state court must still resolve the issue of Plaintiff's property abatement). Thus, Plaintiff seeks to violate the stay to which Plaintiff stipulated and that this Court entered.

"Parties are bound by their stipulations." *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 765 n.4 (9th Cir. 2017). Moreover, all the reasons warranting a stay remain in effect. Accordingly, Plaintiff's instant motion to lift the stay is DENIED. The Court reiterates that "[a]t a minimum, this stay shall remain in effect until the parallel administrative and state court proceedings and their appeals are fully resolved." ECF No. 78.

**IT IS SO ORDERED.**

Dated: January 22, 2021

_Lucy H. Koh_
LUCY H. KOH
United States District Judge